**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORY H. LITTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10 C 4928 |
| | ) | |
| ILLINOIS DEPARTMENT OF REVENUE, | ) | Judge Sharon Johnson Coleman |
| BARBARA BRUNO, in her individual and | ) | |
| official capacity, MARK HARTIGAN, in | ) | |
| his individual and official capacity, | ) | |
| DAVID MARSHALL, in his individual and | ) | |
| official capacity, MATTHEW BILINSKY, | ) | |
| in his individual and official capacity, | ) | |
| RUBY TAYLOR, in her individual and | ) | |
| official capacity, and LAINIE KROZEL, | ) | |
| in her individual and official capacity. | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants, Illinois Department of Revenue ("IDOR") and several IDOR employees, move to dismiss plaintiff Gregory Little's complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff brought the seven count complaint for employment discrimination and retaliation based on race and sex pursuant to 42 U.S.C. §§ 1981, 1983 and retaliation for First Amendment protected speech. Plaintiff voluntarily dismisses Count VI for retaliation under the Illinois Whistle Blower Act. For the reasons that follow, the motion is granted in part and denied in part.

**Legal Standard**

A motion to dismiss tests the sufficiency of the complaint, not its merits. See, e.g., Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). Under the notice pleading standards of Rule 8, a complaint must set forth sufficient factual material, taken as true, to raise the plaintiff's

right to relief "above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Abstract recitations of the elements of a cause of action and "naked assertion[s]" devoid of "further factual enhancement" are insufficient to satisfy the pleading requirements of Rule 8. Ashcroft v. Iqbal, ___ U.S.___, 129 S. Ct. 1937, 1949 (2009)(quoting Twombly, 550 U.S. at 555). Thus, in order to survive a motion to dismiss, the complaint must, on its face, contain sufficient factual material for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id.

**Counts I, II, VII - Race and Sex Discrimination**

Defendant argues that plaintiff has failed to allege sufficient facts to state a plausible claim for relief based on race and sex discrimination. Defendant asserts that, when stripped of its legal conclusions, the complaint fails to allege that plaintiff suffered any adverse employment action on account of his race or gender. This Court disagrees.

As the Seventh Circuit explained in Tamayo v. Blagojevich, "[e]ven after Bell Atlantic, Concentra affirmed our previous holdings that, in order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (2008). Although Tamayo specifically addressed sex discrimination, the same pleading standards apply to allegations of discrimination based on race. See Tamayo, 526 F.3d at 1084 (reaffirming the minimal pleading standard for simple claims of race or sex discrimination reasserted in E.E.O.C. v. Concentra Health Services, Inc., 496 F.3d 773, 781-82 (7th Cir. 2007)). In Tamayo, the court concluded that the plaintiff's claim had enough facts to support her claim of sex discrimination under Title VII to survive dismissal. Id. at 1085. The

complaint put forth the plaintiff's gender, her promised salary, actual salary, and the salaries of similarly situated male employees, her belief that she was paid less because of her gender, and she listed adverse employment actions. Id. Specifically, the complaint stated that "Defendants have treated Plaintiff differently than similarly situated male employees and exhibited discriminatory treatment against Plaintiff in the terms and conditions of her employment on account of Plaintiff's gender." Id.

Similarly, in the case at bar, plaintiff Little alleged that he is a black male and that defendants have subjected him to race discrimination by their "failure to treat him [the] same as other non-black employees in discipline and subjected [him] to unwarranted investigations despite Little's repeated complaints about [the] same." (Compl. Dkt. 1, ¶¶ 4,8). Plaintiff further alleges that defendants' actions "caused and created a hostile work environment which unreasonably interfered with the terms of Plaintiff's employment and Plaintiff performance in his job by failing to treat him the same in discipline and unwarranted investigations." Id. at ¶9. Plaintiff's allegations about sex discrimination are similarly alleged in that he was treated differently than other employees, particularly white women and white men and was harassed by defendant Barbara Bruno beginning in March 2010 based on his gender. See id. at ¶¶ 17, 20, 21. Accordingly, this Court finds that plaintiff has adequately alleged both race and sex discrimination.

In Count VII plaintiff alleges race discrimination under 42 U.S.C. §1981 as opposed to section 1983 as in Count I. Since the same prima facie requirements apply to discrimination claims brought under Title VII and section 1981, Humphries v. CBOCS West, Inc., 474 F.3d 387, 403 (7th Cir. 2007), this Court finds that plaintiff's substantially similar allegations survive

dismissal for the same reasons as Count I stated above.

**Counts III and IV - Retaliation**

Based on the liberal pleading standards explained above, plaintiff's claims for retaliation also survive dismissal at this stage. Each count realleges the allegations contained in the prior counts and adds further information. Count III claims retaliation resulting in the creation of a hostile work environment and loss of benefits based on his complaints of race and sex discrimination to Barbara Bruno, Bureau Manager of IDOR. Count IV claims retaliation for the filing of an EEOC complaint for which plaintiff was subjected thereafter to a hostile and offensive work environment. Therefore, at a minimum, plaintiff's complaint specifies the nature of the conduct he reported and for which he believes he suffered retaliation, which is sufficient to put defendants on notice of the claims brought against them. See Concentra, 496 F.3d at 775-776 (dismissing the plaintiff's complaint because it did not specify the nature of the conduct plaintiff reported to Human Resources other than that the plaintiff believed it violated Title VII).

**Count V - First Amendment Retaliation**

Count V of plaintiff's complaint alleges retaliation pursuant to section 1983 for First Amendment protected speech. In order to state a claim for First Amendment retaliation, plaintiff must allege that (1) his speech was constitutionally protected; (2) he suffered a deprivation that would likely deter protected speech; and (3) the protected speech was at least a motivating factor in the defendants' actions. Swearnigen-el v. Cook County Sheriff's Dept., 602 F.3d 852, 861 (7th Cir. 2010). "Speech is constitutionally protected if (1) the employee spoke 'as a citizen on matters of public concern' and (2) his interest in commenting upon those matters outweighs the employer's interest in promoting the efficiency of its services." Id. at 861-862; Connick v.

Myers, 461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed. 2d 708 (1983); Pickering v. Bd. of Educ., 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed. 2d 811 (1968). Before analyzing whether an employee's speech is a matter of public concern, the court must determine whether the employee was speaking as a "citizen." See Garcetti v. Ceballos, 547 U.S. 410, 421-23, 126 S.Ct. 1951, 164 L.Ed. 2d 689 (2006); Sigsworth v. City of Aurora, 487 F.3d 506, 509-510 (7 th Cir. 2007). Only if the employee is speaking as a citizen, does the court engage in the balancing of public and private interest under Pickering and its progeny. Mills v. City of Evansville, 452 F.3d 646, 647-48 (7th Cir. 2006). Employees are not speaking "as citizens" for First Amendment purposes when they make statements "pursuant to their official duties." Garcetti, 547 U.S. at 421.

This case is similar to Sigsworth v. City of Aurora, where the plaintiff reported to his supervisors that he suspected misconduct by members of a task force of which the plaintiff was a member. Sigsworth, 487 F.3d at 511. There, the court found that Sigsworth was not speaking as a citizen but as a public employee because the statements were part of the tasks he was employed to perform. Id. Sigsworth, relied on Delgado v. Jones, 282 F.3d 511 (7th Cir. 2002), to claim that his speech was deserving of First Amendment protection because his speech exceeded the scope of his official duties. Sigsworth, 487 F.3d at 510. In Delgado, the court's decision turned on whether the detective's speech addressed a matter of public concern by looking to the "content, form, and context" of the detective plaintiff's memorandum to his supervisors. However, the court found the decision in Delgado did not help the plaintiff because it is a pre-Garcetti case. Id. The plaintiff in the instant case relies on Delgado for the same proposition as Sigsworth and this Court finds it equally unpersuasive. (See Plaintiff's Response Br. at 11.)

Here, plaintiff brings Count V for retaliation based upon his "First Amendment rights to

speak out about policies and procedures of opposing a [sic] illegal attempt to start a criminal investigation of a certain company located in the state of Illinois and said company was under the Bankruptcy Protection of the United States Bankruptcy Code." (Compl. Dkt. 1, ¶ 51). Plaintiff further alleges the claim is based on the "wrongful actions of Bruno, Hartigan, Marshall, Bilinsky, Ruby Taylor and Krozel for Little challenging of [sic] being required to start a criminal investigation in violation of Federal and State Laws." Id. Plaintiff concedes that his statements may have been consistent with his obligations as a state investigative employee. (See Plaintiff's Response Br. at 12.) Thus, plaintiff was not speaking as a citizen for First Amendment purposes, but as a public employee. Accordingly, this Court finds that plaintiff was speaking as a public employee when speaking out to his supervisors about the policies and procedures of opposing an investigation he believed to be contrary to the law. Count V is dismissed with prejudice. See Sigsworth, 487 F.3d at 512.

**Conclusion**

Based on the foregoing, defendants' motion to dismiss [16] is granted in part and denied in part. Count V is hereby dismissed with prejudice.

IT IS SO ORDERED.

Date: July 21, 2011

Entered: _____
Sharon Johnson Coleman