UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY H. LITTLE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-cv-4928 |
| ILLINOIS DEPARTMENT OF REVENUE, et al., | ) |
| Defendants. | ) Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Gregory H. Little, brought the seven count complaint for employment discrimination and retaliation based on race and sex pursuant to 42 U.S.C. §§ 1981, 1983 and retaliation for First Amendment protected speech. Little voluntarily dismissed Count VII and this Court dismissed Count V for failure to state a claim. The remaining Counts are directed to plaintiff's discrimination and retaliation claims. Defendants move for summary judgment [51] based on *res judicata* and, alternatively, that the individual defendants are entitled to judgment as a matter of law. For the reasons stated herein, the Court grants the motion.

**Background**

The following facts are undisputed.[1] Plaintiff, Gregory H. Little, was employed by the Illinois Department of Revenue ("IDOR") from June 24, 1985, until his discharge on October 15, 2010. In February 2008, Little became supervisor of the Northern Enforcement Division of IDOR's Bureau of Criminal Investigations with the titled of Senior Public Service Administrator. In April 2009, IDOR created a position of Bureau Manager to supervise Little. Defendant Barbara Bruno filled that position.

---

[1] Although most of the facts contained in defendants' Local Rule 56.1 Statement of Undisputed Material Facts [53] are undisputed, this Court deems admitted those facts that Little contends are in dispute. Little's failed to comply with LR 56.1 by cited to portions of the record to dispute the asserted facts. *See* N.D. Ill. L.R. 56.1(b)(3); *Malec v. Sanford,* 191 F.R.D. 581, 584 (N.D. Ill. 2000).

In March and April 2010, Little filed a seven charges with the Equal Employment Opportunity Officer for IDOR against Bruno alleging racial discrimination.

Bruno filed charges with IDOR's Office of Internal Affairs on April 30, 2010, asserting that Little was disrespectful, bullying, unprofessional, and unable or unwilling to follow the chain of command. IDOR's Internal Investigations Division opened an investigation and found that Little was working fewer hours than he was required under his approved schedule. On September 15, 2010, Little was charged with three violations of IDOR policy: (1) time abuse; (2) falsification of time records; and (3) misuse of state vehicle and state property. IDOR discharged Little from his employment on October 15, 2010.

On May 13, 2010, Little filed a discrimination charge against IDOR with the Equal Employment Opportunity Commission ("EEOC"). Little filed a second discrimination charge against IDOR with the EEOC on May 20, 2010, alleging retaliation. Little received right to sue letters from the EEOC in July 2010. Little filed the complaint in the instant lawsuit on August 5, 2010. Counts I and II allege race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964. Counts III and IV allege retaliation for his filing of discrimination charges against Bruno in violation of Title VII. Little voluntarily dismissed Count VI of the complaint. Count VII alleges race discrimination under 42 U.S.C. § 1981. This Court stayed proceedings in the instant case pending resolution of the administrative review in state court.

On October 21, 2010, Little requested a hearing with the Civil Service Commission to dispute his discharge from employment with IDOR. The hearings were held on February 4, March 7, March 8, March 21, April 5, May 10, and May 23, 2011. On August 5, 2011, the administrative law judge found the charges against Little partially proven and warranting discharge. On August 19, 2011, the Civil Service Commission affirmed the findings of the administrative law judge approving the decision to discharge Little from employment. On September 12, 2011, Little filed a complaint for administrative review in the Circuit Court of Cook County, naming IDOR as a defendant and seeking review of the

Civil Service Commission's approval of his discharge from employment. Little's complaint for administrative review contains allegations that he was retaliated against for reporting race and sex discrimination. The Circuit Court of Cook County entered judgment in favor of defendants on November 14, 2014. Little filed a notice of appeal with the Illinois Appellate Court. On December 20, 2013, the Illinois Appellate Court held that the sanction of termination by the Civil Service Commission was warranted where Little was a supervisor and unjustifiably entered inaccurate times on his time sheets. *See Gregory H. Little v. Illinois Civil Service Commission, et al.,* 2013 IL App. (1st) 123665-U (Dec. 20, 2013).

**Legal Standard**

Summary judgment is appropriate if the evidence shows that there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the "initial responsibility" to show that there is no genuine issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) but the Court must view all facts and make all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). To avoid summary judgment, the non-moving party must provide enough factual evidence to show there is a genuine issue of material fact that warrants a trial. *Warren v. Solo Cup Co.*, 516 F.3d 627, 629 (7th Cir. 2008).

**Discussion**

Defendants move for summary judgment based on the doctrine of *res judicata*. Here, the IDOR and the individual defendants, IDOR employees, urge this Court to find that the Illinois state court's administrative review of the Civil Service Commission's discharge of Little from his employment has a *res judicata* effect on Little's federal civil rights claims. Defendants further argue that even if Little's claims against the individual defendants are not precluded by res judicata, they are nevertheless entitled to summary judgment because Title VII does not allow suits against supervisors in their individual

3

capacities, and Little's section 1981 claim is barred by sovereign immunity. Little fails to address any of defendants' arguments with respect to the individual defendants. Failure to respond to an argument generally results in waiver. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010). This Court therefore concludes that Little has conceded that the claims against the individual defendants rise and fall with the claims against IDOR.

There are two prongs to this Court's *res judicata* analysis. *See Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 481, 72 L. Ed. 2d 262, 102 S. Ct. 1883 (1982). First, this Court must consider the applicability of *res judicata* under Illinois law. Next, this Court must consider whether Little had an opportunity to fully and fairly litigate his civil-rights claims.

To determine whether *res judicata* applies, this Court must apply the preclusion law of Illinois, the state that rendered the judgment. *Arlin-Golf, LLC v. Vill. of Arlington Heights*, 631 F.3d 818, 821 (7th Cir. 2011). The Illinois Supreme Court has explained that res judicata provides an absolute bar to subsequent litigation involving the same claim, demand or cause of action, when a court of competent jurisdiction has rendered a final judgment on the merits. *Nowak v. St. Rita High Sch.*, 197 Ill. 2d 381, 757 N.E.2d 471, 477, 258 Ill. Dec. 782 (2001). *Res judicata* applies when (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of parties or their privies, and (3) there is an identity of cause of action. *Arlin-Golf, LLC*, 631 F.3d at 821 (quoting *Nowak*, 757 N.E.2d at 477). Only the second and third requirements are at issue since Little pursued his claims through the administrative process to a final determination by the Illinois Appellate Court.

Here, there is clearly identity of the parties or their privies. Little was the plaintiff in the state court administrative proceedings and he is the plaintiff in this case. IDOR was a defendant in both proceedings and, as noted above, Little has waived any argument that the individual defendants are not in privity with the IDOR. Therefore, the second requirement of *res judicata* is met.

To determine whether there is identity of the cause of action under Illinois law courts employ the "transactional" test, which provides that "separate claims will be considered the same cause of

4

action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park v. City of Highland Park*, 184 Ill. 2d 290, 311 (1998). While Little asserts different theories of relief, it is evident that the two proceedings arise from the same group of operative facts.

In the state court administrative proceedings, Little challenged his discharge from employment. Here, Little also challenges his discharge from employment by claiming that it was retaliatory. Little's discharge from employment and his discrimination claims under Title VII have at the core the internal investigation within IDOR. Little even alleged in his complaint for administrative review with the Circuit Court of Cook County, that "the administrative hearing officer failed to address Little's defenses of retaliation from the protected activities of reporting of conduct which Littler reasonably believed to be in violation of law as motivation for Little's termination." (Dkt. 53-1, Ex. L at 133, ¶ 10). Accordingly, it is clear that the two proceedings arise from the same operative facts.

Moreover, even if Little had not specifically raised the issues of discrimination and retaliation in the state court administrative proceedings, he could have raised the issues because they arise from pre-termination conduct and the administrative complaint focused on his discharge. Prior litigation of a claim may have preclusive effect and foreclose litigation of matter that could have been raised in an earlier suit. *See Garcia v. Vill. of Mt. Prospect*, 360 F.3d 630, 634 (7th Cir. 2004). Furthermore, the instant case was initiated prior to the administrative proceedings and thus Little could have raised all of his discrimination and retaliation claims in the administrative review process. *See Abner v. Illinois Dep't of Transp.*, 674 F.3d 716, 719 (7th Cir. 2012).

This Court can deny preclusion if the state court proceedings denied Little a full and fair opportunity to litigate by falling below the minimum requirements of due process. *Id.* at 481-82. "Illinois adopted the doctrine of merger and bar which precludes the sequential pursuit not only of claims actually litigated, but of those that could have been litigated." *Garcia*, 360 F.3d at 639. The states and the federal government share concurrent jurisdiction over Title VII, § 1981, and § 1983 claims.

*Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 108 L. Ed. 2d 834, 110 S. Ct. 1566 (1990); *Martinez v. California*, 444 U.S. 277, 283 n.7, 62 L. Ed. 2d 481, 100 S. Ct. 553 (1980). A state may limit the exercise of such jurisdiction in its own courts, but it may not eliminate it. *See Cooper v. Ill. State Univ.*, 331 Ill. App. 3d 1094, 772 N.E.2d 396, 399-400, 265 Ill. Dec. 358 (Ill. App. Ct. 2002) (quoting *Faulkner-King v. Wicks*, 226 Ill. App. 3d 962, 590 N.E.2d 511, 518, 168 Ill. Dec. 874 (Ill. App. Ct. 1992). The Illinois Civil Rights Act limits jurisdiction in the Illinois courts by mandating the exhaustion of administrative remedies under the Act. *See Garcia*, 360 F.3d at 640; 775 Ill. Comp. Stat. 5/8-111(C). Illinois courts however do eventually have jurisdiction to address civil rights violations and thus the failure to bring them in that process can have preclusive effect over the later litigation. *See Garcia,* 360 F.3d at 644.

Here, because the Circuit Court of Cook County could have exercised jurisdiction over Little's federal civil rights claims, it was possible for him to join those claims with his administrative appeal of the commission decision to discharge him. Accordingly, this Court finds he had a full and fair opportunity to litigate his discrimination and retaliation claims and, consequently, *res judicata* applies. Summary judgment is granted in favor of defendants.

IT IS SO ORDERED.

Date: March 17, 2015

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court